**SO ORDERED.**

**SIGNED this 30 day of January, 2008.**



Dale L. Somers
**Dale L. Somers**
**UNITED STATES BANKRUPTCY JUDGE**

_____

**Opinion Designated for Electronic Use, But Not for Print Publication**
**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF KANSAS**

| In re: | |
|---|---|
| CHERYL R. DALY, | CASE NO. 07-22628-13 |
|  | CHAPTER 13 |
| DEBTOR. | |

### OPINION DECLARING ATTEMPT TO AMEND PETITION
### TO ADD JOINT DEBTOR IS VOID AND HAS NO EFFECT

This matter is before the Court following the Debtor's filing of a pleading that attempts to amend her original petition to add her husband as a joint debtor. Debtor Cheryl R. Daly and purported joint debtor Thomas J. Daly appear by counsel James W. Lusk. The Court has reviewed the pleadings and finds it necessary to issue this opinion.

**FACTS**

Cheryl R. Daly filed a voluntary Chapter 13 bankruptcy petition and a Chapter 13 plan on November 19, 2007. Her spouse, Thomas J. Daly, did not join in that petition.

Pursuant to §301(b) of the Bankruptcy Code,[1] the petition constituted an order for relief under Chapter 13. Notice of Ms. Daly's filing was sent to her creditors, notifying them: (1) the meeting of creditors would be held on December 19; (2) they would have until February 19, 2008, to file a complaint seeking a determination of the dischargeability of certain debts; (3) they would have until thirty days after the conclusion of the meeting of creditors to object to her exemptions; (4) the deadline for most creditors to file a proof of claim was fixed as March 18, 2008, and for most governmental creditors as May 19, 2008; and (5) Ms. Daly had filed a plan that was set for a confirmation hearing on January 18, and they needed to file objections to the plan ten days before that hearing.

Ms. Daly did not appear at the meeting of creditors, and it was continued to January 16. On December 20, the Chapter 13 Trustee moved to dismiss the case based on Ms. Daly's failure to appear at the meeting of creditors and her failure to commence plan payments. The hearing on confirmation of her plan has been continued to March 2008 so the continued creditors meeting can be held.

The Chapter 13 plan Ms. Daly filed provided, among other things, that she intended to surrender one car to Southwest National Bank and another to Ford Motor Credit. Southwest moved for and obtained stay relief in December 2007. Ford also moved for stay relief in December, but no order on its motion has been entered yet.

Ms. Daly did not appear on January 16 for the continued meeting of creditors, and

---

[1] 11 U.S.C.A. § 301(b).

the meeting has again been continued, this time to February 28. On January 16, Ms. Daly did respond to the Trustee's motion to dismiss, saying she would be at the next scheduled meeting of creditors, would be adding her husband to her case, and would commence making her plan payments. One day earlier, on January 15, Ms. Daly had filed a document labeled "Amendments to Original Petition" which indicated it was amending the petition to add her husband as a co-debtor, although it was identified on the docket as "Amended Schedules." An amended petition attached to the document purportedly adds her husband as a joint debtor, nearly two months after Ms. Daly's original petition was filed.[2] The Court is convinced that this is not a permissible way to commence a case for Mr. Daly.

**DISCUSSION**

Section 302 of the Bankruptcy Code authorizes the filing of joint petitions. It provides:

> (a) A joint case under a chapter of this title is commenced by the filing with the bankruptcy court of a single petition under such chapter by an individual that may be a debtor under such chapter and such individual's spouse. The commencement of a joint case under a chapter of this title constitutes an order for relief under such chapter.
> (b) After the commencement of a joint case, the court shall determine the extent, if any, to which the debtors' estates shall be consolidated.

This statute makes clear that a joint case is really two separate cases, or else there would be no need for the Court to determine whether the debtors' estates should be consolidated. But the single joint petition commences both cases and constitutes an order for relief in

---

[2] In addition to the amended petition, the attachment to the document included a statement of compliance with the credit counseling requirement for each of the Dalys.

3

each case. If a joint case could be commenced as attempted here, however, there would be two commencement dates and two dates of the orders for relief, the first when Ms. Daly filed her individual petition and the second when the Dalys filed the amended petition. The interaction of a variety of Federal Rules of Bankruptcy Procedure and important deadlines they set demonstrates that this situation is not permissible.

Interim Bankruptcy Rule 2003(a) requires a meeting of creditors to be scheduled within a specific time period measured from the order for relief; the longest time allowed had already passed before the amended petition was filed. Rule 3015(b) requires a debtor to file a plan within 15 days of filing the petition, and does not allow that time to be extended "except for cause shown and on notice as the court may direct." Mr. Daly has missed this deadline and has not sought additional time to file a plan. Interim Rule 4007(c) sets the time for filing a complaint under § 523(c)[3] as 60 days after the first date set for the meeting of creditors. This deadline is already running in Ms. Daly's case, and there is no provision in the Bankruptcy Code or Rules for recommencing it. Under Interim Rule 4003(b), the general deadline for objecting to a debtor's exemption claims runs from the conclusion of the meeting of creditors,[4] which has not yet occurred in this case; the only reason this deadline does not pose a problem in this case is that Ms. Daly

---

[3]Before 2005, § 523(c) did not apply to Chapter 13 cases, but the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 amended § 1328(a) of the Bankruptcy Code to except from discharge in Chapter 13 cases some of the debts covered by § 523(c).

[4]Under Interim Rule 4003(b)(2), the deadline for objecting to exemptions on one narrow ground does not expire until the case is closed.

4

has twice failed to appear for scheduled meetings of her creditors. Because the Code and Rules make no provision for adding a joint debtor to a pending case, they do not explain whether the automatic stay that would go into effect if the amended petition had validly commenced a case for Mr. Daly would apply to Southwest, which already obtained stay relief against Ms. Daly, or to Ford, which has moved for such relief. A number of other courts have similarly concluded that an individual's voluntary petition cannot be amended to add a spouse to make the petition a joint one.[5] If the Dalys wish to have a jointly administered case, Mr. Daly must file his own voluntary petition and ask to have it consolidated with Ms. Daly's under Rule 1015(b).

For these reasons, the amended petition and statement of Mr. Daly's compliance with the credit counseling requirement are hereby declared to be void and to have no effect. Mr. Daly has not become a debtor in this case, and the amended petition has not commenced a bankruptcy case for him. The Dalys' attorney is directed to send notice to anyone who may have been notified of Mr. Daly's purported addition as a debtor that he has not and will not become a debtor in this case, and this case has imposed no stay against his creditors. The Clerk's Office is directed to remove Mr. Daly from the caption for this case that appears on the Court's docket.

# # #

---

[5]*See, e.g., In re Olson*, 253 B.R. 73 (9th Cir. BAP 2000) (Chapter 13 case); *In re Buerman*, 295 B.R. 876, 877 (Bankr. W.D. Ark. 2003) (Chapter 13 case); *In re Walker*, 169 B.R. 391 (Bankr. W.D. Tenn. 1994) (Chapter 7 case); *In re Clinton*, 166 B.R. 195 (Bankr. N.D. Ga. 1994) (Chapter 13 case).